**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

KEENAN G. CRAWFORD,
(c/o Carlotta J. Crawford/Ojo),

      Plaintiff,

v.

JESSICA SYMMES, MARY McCOMB,
JOAN FABIAN, KIM EBELING, and
MIKE GREEN,

      Defendants.

Civil No. 10-2167 (RHK/JJG)

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner at the Minnesota Correctional Facility at Oak Park Heights, Minnesota, commenced this action by filing a pleading entitled "Complaint For Violation Of Civil Rights Under 42 U.S.C. 1983." (Docket No. 1.) Plaintiff did not pay the $350 filing fee required for this action, (see 28 U.S.C. § 1914(a)), but instead filed an application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 3.) By order dated June 1, 2010, (Docket No. 4), Plaintiff was advised that his IFP application would not be addressed, and his case would not go forward, until after he paid an initial partial filing fee of $27.69, as required by 28 U.S.C. § 1915(b)(1).

Plaintiff recently paid his initial partial filing fee, (Docket No. 5), and thus the matter is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state a cause of action on which relief can be granted. The Court will therefore recommend that this action be summarily dismissed pursuant to § 1915A.

## I. BACKGROUND

Plaintiff is attempting to sue four named Defendants – Jessica Symmes, Mary McComb, Joan Fabian and Kim Ebeling. It appears that all of the Defendants are employees of the Minnesota Department of Corrections.

As far as the Court can tell, Plaintiff's present lawsuit stems from certain prison disciplinary actions that have been brought against him during the past several years. One of the exhibits submitted with Plaintiff's complaint indicates that about 35 discipline reports have been filed against Plaintiff during his imprisonment.[1] However, Plaintiff has not identified the specific disciplinary incidents giving rise to this action, nor has he identified what, (if any), involvement the named Defendants may have had in those matters.

It appears that Plaintiff waived his right to oppose some or all of the disciplinary charges that have been brought against him. It further appears that disciplinary sanctions have been entered against Plaintiff pursuant to his waivers, and as a result, he has spent some time in segregated confinement.

Plaintiff alleges that he suffers from some form of mental disability, which has caused a Minnesota state court to appoint a legal guardian for his benefit.[2] Plaintiff further alleges that as a result of his disability, he was not legally competent to participate in the various prison disciplinary proceedings that have been brought against him. He also alleges that any waiver that he may have given in those proceedings is invalid, because he

---

[1] See "Memorandum" from Mary McComb, dated February 1, 2010, which is attached to Plaintiff's submission entitled "Facts." (Docket No. 2.) The Clerk's Office has filed this Memorandum as Document No. 2-1, p. 10.

[2] A copy of an "Order Appointing Guardian of the Person," dated September 27, 2006, is attached to Plaintiff's submission entitled "Facts." (Docket No. 2.) The Clerk's Office has filed this Memorandum as Document No. 2-1, pp. 18-21.

lacks the legal capacity to enter into any binding contract.

Plaintiff is attempting to bring the present action under 42 U.S.C. § 1983. He claims that he was denied his constitutional right to due process in connection with the prison disciplinary proceedings at issue. More specifically, he claims that because of his alleged mental disability, he had a due process right to be represented by his legal guardian, or by an attorney, during the course of those disciplinary proceedings. In Plaintiff's own words, the "deprivation of his right to have council [sic] before any action took place constituted a fourteenth amendment violation of the United States Constitution." (Plaintiff's Statement of "FACTS," [Docket No. 2], p. 3, ¶ 14.)

In the "Relief" section of the complaint, Plaintiff asks for a preliminary and permanent injunction that would "quash all aforesaid contract agreemts [sic]." (Complaint, [Docket No. 1], p. 3, § V, "RELIEF.") The Court understands this to mean that Plaintiff wants a court order that would void all of the waivers that he has given in connection with his past prison disciplinary proceedings, and vacate all of the disciplinary sanctions imposed in those proceedings. Plaintiff is also seeking compensatory and punitive damages against each of the four named Defendants. (Id.)

**II. DISCUSSION**

Because Plaintiff is a prisoner who is seeking redress from government employees, his complaint must undergo preliminary screening pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("PLRA"), requires federal courts to review the pleadings in every prisoner civil action brought against governmental entities and employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." The Court must determine which aspects of the pleading are

actionable and should be allowed to proceed. To the extent that the pleading, on its face, fails to state a cognizable claim, it must be summarily dismissed. 28 U.S.C. § 1915A(b)(1).

To state an actionable claim for relief, a complaint must allege a set of historical facts, which, if proven true, would entitle the plaintiff to a judgment against the defendant(s) under some cognizable legal theory. While federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added). See also, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ('[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"); Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

To state an actionable civil rights claim, as Plaintiff apparently is attempting to do here, a complaint must allege facts showing that each named defendant was personally involved in some alleged violation of the claimant's federal constitutional rights. Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001) (to state an actionable civil rights claim, a complaint must describe what, specifically, each named defendant did, or failed to do, that allegedly violated the claimant's constitutional rights); Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999) (civil rights claimants must plead facts showing the defendant's personal involvement in alleged constitutional wrongdoing). See also Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability in a civil rights action "requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution); Speed v. Ramsey County, 954 F. Supp. 1392, 1397 (D.Minn. 1997) (same).

4

Here, Plaintiff has not pleaded an actionable civil rights claim because his complaint does not describe any specific acts or omissions by any of the named Defendants that allegedly violated the federal Constitution. The complaint broadly alleges that Defendants had some type of duty to ascertain Plaintiff's mental capacity, but there are no allegations suggesting that any of the named Defendants played any role in any of the disciplinary proceedings giving rise to this action. Plaintiff has not described anything that any of the individual Defendants actually did, (or failed to do), that allegedly deprived Plaintiff of his right to due process. For this reason alone, the Court finds that Plaintiff has failed to plead a cause of action on which relief can be granted.

However, there is an additional, more critical, flaw in Plaintiff's pleading, which also precludes this action from going forward. Plaintiff claims that his constitutional rights were violated because he was assigned to segregated confinement without being afforded due process. Plaintiff apparently believes that he has a constitutionally protected liberty interest in remaining in the general prison population, and that he could not be deprived of that interest without being granted the procedural protections of due process.

However, a constitutionally protected liberty interest will be found, and the protections of due process will therefore come into play, only when a prisoner has shown the type of unusual hardship, or dramatic departure from ordinary prison life, that is contemplated in Sandin v. Conner, 515 U.S. 472 (1995). In Sandin, the Supreme Court held that a prisoner cannot sustain a due process claim unless he can show that he suffered an "atypical and significant hardship... in relation to the ordinary incidents of prison life." Id. at 484. In Moorman v. Thalacker, 83 F.3d 970, 972 (8th Cir. 1996), the Court of Appeals interpreted Sandin to mean that prisoner due process rights are implicated only

5

when there have been "deprivations which work such <u>major disruptions</u> in a prisoner's environment and life that they present <u>dramatic departures</u> from the basic conditions and ordinary incidents of prison sentences."  (Emphasis added.)

In this case, Plaintiff has not pleaded an actionable due process claim, because he has not alleged any facts showing the type of severe hardship that <u>Sandin</u> requires.  It is well-settled that, for due process purposes, assignment to segregated confinement is considered to be a normal and expectable aspect of a prison sentence.  Therefore, limited periods of segregated confinement are not considered to be an "atypical and significant hardship" that can give rise to a protected liberty interest.  See <u>Orr v. Larkins</u>, __ F.3d __, _ (8th Cir. June 7, 2010), 2010 WL 2673873 at *1 ("'We have consistently held that a demotion to segregation, even without cause, is not itself an atypical and significant hardship.'"), quoting <u>Phillips v. Norris</u>, 320 F.3d 844, 847 (8th Cir. 2003); <u>see</u> <u>also</u> <u>Portley-el v. Brill</u>, 288 F.3d 1063, 1065 (8th Cir. 2002) ("[w]e have consistently held that administrative and disciplinary segregation are not atypical and significant hardships under <u>Sandin</u>"). Because Plaintiff has not shown that he has suffered any atypical and significant hardship that caused him to be deprived of a protected liberty interest, he was not entitled to the procedural benefits of due process before being assigned to segregated confinement. Therefore, Plaintiff has not pleaded an actionable due process claim based on his segregated confinement.

The Court recognizes that Plaintiff's submissions also include some vague allusions to other disciplinary sanctions, (aside from segregated confinement), which might have extended the term of his imprisonment by a loss of "good-time credits" or some other means.  However, if Plaintiff is attempting to claim that his prison term was extended

pursuant to disciplinary sanctions that were imposed without due process, that claim is not adjudicable in the present civil rights action. Any civil rights claim pertaining to the duration of Plaintiff's confinement would be barred by the Supreme Court's decision in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

In <u>Heck</u>, the Court reiterated that a prisoner cannot challenge the fact or duration of his incarceration in a civil rights action. Habeas corpus is the exclusive federal remedy for a prisoner who is challenging the validity of his conviction <u>or the length of his sentence</u>. <u>Id</u>. at 481, citing <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 488-90 (1973). Even when a prisoner-plaintiff demands only money damages, he cannot prosecute a civil rights claim that would effectively "call into question the lawfulness of [his] conviction or confinement." <u>Heck</u>, 512 U.S. at 483. <u>See</u> <u>also</u>, <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997); <u>Sheldon v. Hundley</u>, 83 F.3d 231, 233 (8th Cir. 1996).

If Plaintiff is claiming that his term of imprisonment has been wrongly extended, that claim would necessarily imply that his sentence should be shortened, and his release from prison should be expedited. According to <u>Heck</u>, however, the length of Plaintiff's confinement is a subject that cannot be considered in a federal civil rights action, unless Plaintiff has already established in a proper forum -- presumably a state or federal habeas corpus proceeding -- that his projected release date should be changed. Even if Plaintiff were seeking <u>only</u> money damages, and <u>not</u> an earlier release date, he still could not presently bring a civil rights claim that would, if vindicated, cast doubt on the validity of his current projected release date. <u>See</u> <u>Sheldon</u>, 83 F.3d at 233 ("<u>Heck</u> requires favorable termination of the action in an authorized state tribunal or a federal habeas corpus court, even if the claim is for damages rather than earlier release"); <u>see also</u>, <u>Edwards</u>, <u>supra</u>.

In short, any civil rights claim that would directly <u>or implicitly</u> challenge the duration of Plaintiff's incarceration would be premature, at best. Plaintiff cannot bring a civil rights claim challenging the legality of any events that caused an extension of his imprisonment, without first demonstrating, in a state or federal habeas corpus action, that his sentence was, in fact, wrongly extended. Because this pre-condition has not been met, Plaintiff cannot seek relief here for any allegedly wrongful extension of his confinement.[3]

## III. CONCLUSION

For the reasons discussed above, the Court concludes that Plaintiff's complaint fails to state any cause of action on which relief can be granted. Therefore, this case must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b), and Plaintiff's application for leave to proceed <u>in forma pauperis</u>, (Docket No. 2), must be denied. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii).

Notwithstanding the dismissal of this action, Plaintiff will remain liable for the unpaid balance of the $350.00 filing fee.[4] To date, he has paid only $27.69, so he still owes

---

[3] Plaintiff's current civil rights complaint could not be construed as a federal habeas corpus petition, and entertained as such, because there is no indication that Plaintiff has exhausted his available state court remedies, as required by 28 U.S.C. § 2254(b). If Plaintiff believes that his term of imprisonment has been extended in violation of his constitutional right to due process, he will have to first present his claims to the Minnesota state courts, presumably by means of a <u>state</u> habeas corpus action brought under Minn.Stat. §§ 589.01 et seq. <u>See</u> <u>Case v. Pung</u>, 413 N.W.2d 261 (Minn.App. 1987), <u>rev. denied</u>, Nov. 24, 1987. <u>See also</u> <u>Burch v. Commissioner of Corrections</u>, A05-1760 (Minn.App. 2006), 2006 WL 1738239, (unpublished opinion) at *3 ("a violation of the right to due process can be challenged under a petition for a writ of habeas corpus"). Again, Plaintiff cannot seek <u>federal</u> habeas corpus relief for any alleged violation of his constitutional rights, unless he has fully exhausted all of his state court remedies for his claims – including all opportunities to seek review in the state appellate courts.

[4] Under the PLRA, prisoners may be excused from <u>pre</u>-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words,

$322.31 at this time. Prison officials will have to deduct that amount from Plaintiff's institutional trust account, and pay it to the Clerk of Court, in the manner prescribed by 28 U.S.C. § 1915(b)(2). Finally, because Plaintiff has failed to plead an actionable claim for relief, the dismissal of this action should count as a "strike" against him for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 3), be **DENIED**;

2. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely $322.21, in accordance with 28 U.S.C. § 1915(b)(2); and

4. For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: July 27, 2010
        s/ *Jeanne J. Graham*
        JEANNE J. GRAHAM
        United States Magistrate Judge

---

prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

**NOTICE**

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **August 16, 2010**.  A party may respond to the objections within ten days after service thereof.  Any objections or responses filed under this rule shall not exceed 3,500 words.  A District Judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.